Craig P. Goetz
2032 N. 47th Pl
Phoenix, AZ 85008
602-570-6701

*Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig P. Goetz,<br>　　　　Plaintiff<br><br>vs.<br><br>Hameroff Law Group, P.C.;<br>David E. Hameroff, Esq.;<br>Eric J. Thomae, Esq.;<br>Garrett M. Culver, Esq.;<br>　　　　Defendants | Civil Case No. CV-12-2672-PHX-MHB<br><br>**COMPLAINT PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT.**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Craig P. Goetz hereby sues Defendants Hameroff Law Group, P.C., David E. Hameroff, Esq., Eric J. Thomae, Esq., and Garrett M. Culver, Esq. for money damages arising from violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et. seq.* and, upon information and belief, alleges as follows:

I. **JURISDICTION AND VENUE**

1. This Court possesses original jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as the claims arise under the FDCPA.

2. Venue is invoked pursuant to 28 U.S.C. § 1391b(2).

II. **PARTIES**

3. Plaintiff, Craig P. Goetz, is a natural person and is a resident of the State of Arizona, in the County of Maricopa.

4. Upon information and belief, Defendant Hameroff Law Group, P.C. is an Arizona corporation authorized to conduct business in Arizona. Hameroff Law Group, P.C.'s principal place of business is at 3443 E Ft. Lowell Rd., Tucson, AZ, 85716. The principal purpose of Defendant Hameroff Law Group, P.C. is attempting to collect debts alleged to be due another through the use of mails and telephone.

5. Upon information and belief, Defendant David E. Hameroff, Esq. (Arizona State Bar # 007070) is the President, Secretary, and Treasurer of Hameroff Law Group, P.C. The principal purpose of Defendant David E. Hameroff, Esq. is attempting to collect debts alleged to be due another through the use of mails and telephone.

6. Upon information and belief, Defendant Eric J. Thomae, Esq. (Arizona State Bar # 024786) is a practicing attorney within Hameroff Law Group, P.C. The principal purpose of Defendant Eric J. Thomae, Esq. is attempting to collect debts alleged to be due another through the use of mails and telephone.

7. Upon information and belief, Defendant Garrett M. Culver, Esq. (Arizona State Bar # 028500) is a practicing attorney within Hameroff Law Group, P.C. The principal purpose of Defendant Garrett Culver, Esq. is attempting to collect debts alleged to be due another through the use of mails and telephone.

### III. GENERAL ALLEGATIONS OF FACT AND LAW

8. On November 20, 2012 Plaintiff received an unsigned letter from all Defendants dated November 13, 2012 in an attempt to collect on an alleged credit card debt. The letter is attached hereto as Plaintiff's EXHIBIT A and by this reference is incorporated herein.

9. At the bottom of the November 13, 2012 letter it states "This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose," which establishes each of the Defendants named in this lawsuit to be in the business of collecting debts alleged to be due another through the use of mails and telephone, and thereby subject to the FDCPA.

10. Prior to receiving this letter from all of the Defendants, Plaintiff had never previously received any communication whatsoever from any of the above named Defendants, and for which reason the November 13, 2012 letter is an initial dunning letter.

11. The November 13, 2012 letter does not include the required statement pursuant to 15 U.S.C. § 1692g(a)(3) that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid."

12. The November 13, 2012 letter does not include the required statement pursuant to 15 U.S.C. § 1692g(a)(4) that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

13. The November 13, 2012 letter does not include the required statement pursuant to 15 U.S.C. § 1692g(a)(5) that "upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

14. The November 13, 2012 letter states that "Unless you, within five (5) days of the date of this letter, pay this account I may file a lawsuit against you," which is an egregious violation of

FDCPA by overshadowing Plaintiff's rights to request validation of the alleged debt in question within the first 30 days of receiving an initial dunning letter.

15. On December 3, 2012 Plaintiff was served a summons and complaint with all Defendants listed thereon issued from the Maricopa County Justice Court—Arcadia Biltmore (Case No. CC2012-229749) referencing the same alleged debt allegedly owed as in the November 13, 2012 letter, which is an egregious violation of the FDCPA by continuing to overshadow Plaintiff's rights to request validation of the alleged debt in question within the first 30 days of receiving an initial dunning letter.

16. In the lawsuit filed against Plaintiff it is alleged that Plaintiff owes $1,288.17 in interest on the alleged contract being sued upon, which is an egregious attempt to collect additional monies not owed by Plaintiff as there is no contract that exists between the parties in that lawsuit that would establish any interest charges.

17. In the lawsuit filed against Plaintiff, it is alleged that Plaintiff owes accruing interest on the alleged debt, which is another egregious attempt to collect additional monies not owed by the Plaintiff as there is no contract that exists between the parties in that lawsuit that would establish any interest charges.

18. The lawsuit filed against the Plaintiff did not contain as an attachment any contract, assignment, or documentation of any kind that attested to the purported contract being sued upon.

19. On December 5th, 2012 Plaintiff sent a request for validation of the alleged debt to Defendant Hameroff Law Group, P.C.

20. On November 20, 2012 and again on December 6, 2012 an agent from Defendant Hameroff Law Group, P.C. made telephone calls to Plaintiff's cellular telephone in an attempt to collect

on the alleged credit card debt, which is an egregious violation of the FDCPA by continuing to overshadow Plaintiff's right to request validation of the alleged debt in question within the first 30 days of receiving an initial dunning letter.

21.     The natural consequences of the actions, as detailed above, of all of the above named Defendants was to cause Plaintiff mental anguish, personal humiliation, anxiety, emotional distress, and loss of sleep.

22.     All of the actions of each of the above named Defendants constituted an extraordinary transgression of the bounds of socially tolerable conduct.

23.     Discovery of violations brought forth herein occurred in December 2012 are within the statute of limitations as defined in the FDCPA, 15 U.S.C. § 1692k.

IV.     **CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF:
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et. seq. WILLFULL NON-COMPLIANCE BY
DEFENDANT HAMEROFF LAW GROUP, P.C.**

24. Plaintiff repeats and realleges each and every allegation above.

25. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

26.     Defendant Hameroff Law Group, P.C. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

27.     As a "debt collector" Defendant Hameroff Law Group P.C. is charged with fully knowing its duties and legal obligations as they pertain to the FDCPA.

28.     As a result of having foreknowledge of its duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to dispute the debt within 30 days, Defendant willfully violated 15 U.S.C. § 1692g(a)(3).

b. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to have verification and/or judgment of the debt mailed to him, Defendant willfully violated 15 U.S.C. § 1692g(a)(4).

c. As a result of sending Plaintiff an initial dunning letter without stating that, upon Plaintiff's request, the name and address of the original creditor will be provided if different from the current creditor, Defendant willfully violated 15 U.S.C. § 1692g(a)(5).

d. As a result of overshadowing Plaintiff's right to dispute the alleged debt through phone calls and by means of filing a lawsuit against Plaintiff prior to validating the debt, Defendant willfully violated 15 U.S.C. § 1692g(b).

e. As a result of threatening to file a lawsuit during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken.

f. As a result of filing a lawsuit against Plaintiff in an attempt to collect on the alleged debt without any authentic documentation certifying and attesting to the alleged debt, Defendant willfully violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, and legal status of the alleged debt in the Maricopa County Justice Court.

g. As a result of attempting to collect interest charges on the alleged debt by means of filing a lawsuit against Plaintiff, Defendant willfully violated 15 U.S.C. § 1692f (1).

h. As a result of filing a lawsuit in an attempt to collect a debt during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect on the alleged debt.

29. As a result of the foregoing egregious violations, Plaintiff suffered mental anguish, personal humiliation, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

**SECOND CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692 et. seq. WILLFULL NON-COMPLIANCE BY**
**DEFENDANT DAVID E. HAMEROFF, ESQ.**

30. Plaintiff repeats and realleges each and every allegation above.

31. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant David E. Hameroff, Esq. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

33. As a "debt collector" Defendant David E. Hameroff, Esq. is charged with fully knowing his duties and legal obligations as they pertain to the FDCPA.

34. As a result of having foreknowledge of his duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to dispute the debt within 30 days, Defendant willfully violated 15 U.S.C. § 1692g(a)(3).

b. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to have verification and/or judgment of the debt mailed to him, Defendant willfully violated 15 U.S.C. § 1692g(a)(4).

c. As a result of sending Plaintiff an initial dunning letter without stating that, upon

Plaintiff's request, the name and address of the original creditor will be provided if different from the current creditor, Defendant willfully violated 15 U.S.C. § 1692g(a)(5).

d.  As a result of overshadowing Plaintiff's right to dispute the alleged debt by means of filing a lawsuit against Plaintiff prior to validating the debt, Defendant willfully violated 15 U.S.C. § 1692g(b).

e.  As a result of threatening to file a lawsuit during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken.

f.  As a result of filing a lawsuit against Plaintiff in an attempt to collect on the alleged debt without any authentic documentation certifying and attesting to the alleged debt, Defendant willfully violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, and legal status of the alleged debt in the Maricopa County Justice Court.

g.  As a result of attempting to collect interest charges on the alleged debt by means of filing a lawsuit against Plaintiff, Defendant willfully violated 15 U.S.C. § 1692f (1).

h.  As a result of filing a lawsuit in an attempt to collect a debt during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect on the alleged debt.

35. As a result of the foregoing violations, Plaintiff suffered mental anguish, personal humiliation, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

**THIRD CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**

## 15 U.S.C. § 1692 *et. seq.* WILLFULL NON-COMPLIANCE BY DEFENDANT ERIC J. THOMAE, ESQ.

36. Plaintiff repeats and realleges each and every allegation above.

37. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

38. Defendant Eric J. Thomae, Esq. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

39. As a "debt collector" Defendant Eric J. Thomae, Esq. is charged with fully knowing his duties and legal obligations as they pertain to the FDCPA.

40. As a result of having foreknowledge of his duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

a. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to dispute the debt within 30 days, Defendant willfully violated 15 U.S.C. § 1692g(a)(3).

b. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to have verification and/or judgment of the debt mailed to him, Defendant willfully violated 15 U.S.C. § 1692g(a)(4).

c. As a result of sending Plaintiff an initial dunning letter without stating that, upon Plaintiff's request, the name and address of the original creditor will be provided if different from the current creditor, Defendant willfully violated 15 U.S.C. § 1692g(a)(5).

d. As a result of overshadowing Plaintiff's right to dispute the alleged debt by means of filing a lawsuit against Plaintiff prior to validating the debt, Defendant willfully violated 15 U.S.C. § 1692g(b).

e. As a result of threatening to file a lawsuit during the period of debt validation,

Defendant willfully violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken.

f. As a result of filing a lawsuit against Plaintiff in an attempt to collect on the alleged debt without any authentic documentation certifying and attesting to the alleged debt, Defendant willfully violated 15 U.S.C. § 1692e(2)(a) by falsely representing the character, amount, and legal status of the alleged debt in the Maricopa County Justice Court.

g. As a result of attempting to collect interest charges on the alleged debt by means of filing a lawsuit against Plaintiff, Defendant willfully violated 15 U.S.C. § 1692f (1).

h. As a result of filing a lawsuit in an attempt to collect a debt during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect on the alleged debt.

41. As a result of the foregoing violations, Plaintiff suffered mental anguish, personal humiliation, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

**FOURTH CLAIM FOR RELIEF:**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692 *et. seq.* WILLFULL NON-COMPLIANCE BY**
**DEFENDANT GARRETT M. CULVER, ESQ.**

42. Plaintiff repeats and realleges each and every allegation above.

43. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

44. Defendant Garrett M. Culver, Esq. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

45. As a "debt collector" Defendant Garrett M. Culver, Esq. is charged with fully knowing his duties and legal obligations as they pertain to the FDCPA.

46. As a result of having foreknowledge of his duties and legal obligations under the FDCPA, and by failing to adhere to those duties and legal obligations, Defendant willfully violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to dispute the debt within 30 days, Defendant willfully violated 15 U.S.C. § 1692g(a)(3).

   b. As a result of sending Plaintiff an initial dunning letter without informing Plaintiff of his right to have verification and/or judgment of the debt mailed to him, Defendant willfully violated 15 U.S.C. § 1692g(a)(4).

   c. As a result of sending Plaintiff an initial dunning letter without stating that, upon Plaintiff's request, the name and address of the original creditor will be provided if different from the current creditor, Defendant willfully violated 15 U.S.C. § 1692g(a)(5).

   d. As a result of overshadowing Plaintiff's right to dispute the alleged debt by means of filing a lawsuit against Plaintiff prior to validating the debt, Defendant willfully violated 15 U.S.C. § 1692g(b).

   e. As a result of threatening to file a lawsuit during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692e(5) by threatening to take action that cannot legally be taken.

   f. As a result of filing a lawsuit against Plaintiff in an attempt to collect on the alleged debt without any authentic documentation certifying and attesting to the alleged debt, Defendant willfully violated 15 U.S.C. § 1692e(2)(a) by falsely representing the

character, amount, and legal status of the alleged debt in the Maricopa County Justice Court.

g. As a result of attempting to collect interest charges on the alleged debt by means of filing a lawsuit against Plaintiff, Defendant willfully violated 15 U.S.C. § 1692f (1).

h. As a result of filing a lawsuit in an attempt to collect a debt during the period of debt validation, Defendant willfully violated 15 U.S.C. § 1692f by using unfair and unconscionable means in attempting to collect on the alleged debt.

47. As a result of the foregoing violations, Plaintiff suffered mental anguish, personal humiliation, anxiety, emotional distress, and loss of sleep and Defendant is liable for Plaintiff's actual damages, statutory damages, costs, and attorney's fees.

### V.  **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Craig P. Goetz prays that this Honorable Court enter judgment in his favor for money damages against all Defendants as follows:

a. Maximum statutory damages of $1,000 per Defendant, totaling $4,000, pursuant to 15 U.S.C. § 1692k;

b. Actual damages to be determined by the jury pursuant to 15 U.S.C. § 1692k;

c. Attorney's fees and costs of the action; and

d. Such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 17th Day of December, 2012

Respectfully submitted,



1
2
3     Craig P. Goetz
4     2032 N. 47th Pl
      Phoenix, AZ 85008
5     602-570-6701
6     ███████████████
7     *Plaintiff*
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# HAMEROFF LAW GROUP, P.C.
## A Professional Corporation

David E. Hameroff
Eric J. Thomae
Garrett M. Culver
3443 E. Ft. Lowell Rd., Ste. 101
Tucson, AZ 85716-1617
Phone: (520)622-0340
Toll Free: (888)622-0340
Facsimile: (520)791-9357

Personal and Confidential                                     November 13, 2012
Craig P Goetz
2032 N. 47th Pl
Phoenix, Az 85008

| RE: | My Client: | Copper State Financial Management, Llc |
|-----|------------|----------------------------------------|
|     | Amount Due: | $6,184.90 |

| Original Creditor: | Account Number: | Amount Due: |
|--------------------|-----------------|-------------|
| Wells Fargo Bank   | ████████        | $6,184.90   |

Dear Craig P Goetz

You have failed to make satisfactory payment arrangements to resolve the above listed debt(s). Unless you, within five (5) days of the date of this letter, pay this account I may file a lawsuit against you.

If you wish to avoid the lawsuit you may remit payment five (5) days of the date of this letter. You may also contact our office to make satisfactory payment arrangements. Please be advised if I file a lawsuit I will be seeking attorney's fees, if approved by statute and/or agreement, and court costs, which may increase the amount you owe.

If I file the lawsuit and obtain a judgment I will seek all judicial remedies to collect this debt, including filing a garnishment or placing a judgment lien on non-exempt property that you may own.

If you want to discuss this matter please contact my office at:

> Hameroff Law Group, P.C.
> 3443 E. Ft. Lowell Rd., Ste. 101
> Tucson, AZ 85716-1617
> Phone:      (520)622-0340
> Toll Free:  (888)622-0340
> Facsimile:  (520)791-9357

**This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Very Truly Yours,

Hameroff Law Group, P.C.

PSUIT    

## VERIFICATION

I hereby affirm that I have read the foregoing Complaint and that the representations contained therein are true and correct to my best personal knowledge and belief.

Signed this 17th day of December, 2012.

_____
Craig P. Goetz, *Plaintiff*

STATE OF ARIZONA  )
                 )
COUNTY OF MARICOPA )

On this 17 day of December, 2012 before me personally appeared Craig P. Goetz whose identity was proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to this document, and who acknowledged that he/she signed the above attached document.

MAVIS CUNNINGHAM
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
March 28, 2016

_____
Notary Public